## THE PEOPLE *v.* RIVERA ET AL.

### APPEAL from the District Court of Guayama.

#### No. 28.—Decided November 21, 1905.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—QUESTIONS OF LAW.—In preparing a bill of exceptions only that part of the evidence which is necessary to raise the questions of law which have given rise to the exceptions taken should be inserted therein. Where the bill contains other evidence not necessary for this purpose, the judge should eliminate the same.

ID.—STATEMENT OF FACTS.—Where the bill of exceptions does not contain the evidence necessary for the court to consider and decide the questions raised in the exceptions taken, and where in the transcript of the record no statement of facts containing the evidence introduced on the trial appears, it must be presumed that the rulings of the court to which such exceptions were taken were correct.

ID.—SUBSTANTIAL RIGHTS OF THE PARTIES.—Where the rulings of the inferior court in regard to the evidence taken on the trial have not prejudiced the substantial rights of the parties, the Supreme Court will not enter upon a consideration of the same.

INFORMATION—SUFFICIENCY AND VALIDITY THEREOF.—It is not necessary to indicate in an information the section of the Code defining and punishing the crime charged therein, it being sufficient and valid if it complies with the requirements of section 82 of the Code of Criminal Procedure.

ID.—POWERS OF ATTORNEY GENERAL—SPECIAL FISCAL.—In accordance with the provisions of section 74 of the Political Code, the Attorney General has the power to designate special *fiscals* to commence and conduct prosecutions in cases of misconduct of any official of the Government to which said article refers.

ID.—DE FACTO OFFICIALS.—Where in the prosecution of a criminal case a special *fiscal* has taken part who was not a *fiscal de jure* by reason of the fact that this appointment was not authorized by law, such special *fiscal* will, however, possess the character of a *fiscal de facto*, and his appointment, as well as the judgment rendered by virtue of the information drawn and presented by such *fiscal*, cannot be attacked on a collateral proceeding such as an appeal.

The facts are stated in the opinion.

*Mr. Hernandez Lopez* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

The defendants in this case were prosecuted and convicted for violating the election laws of Porto Rico, in the District Court of Guayama, and on the 5th of April, 1905, were sentenced by the court to one year in the penitentiary at hard labor, and to the payment of all costs of the prosecution. From this judgment of the court they took an appeal to this court, and on the 18th of October the case was duly heard by the full court; the appellants being represented by Juan Hernandez Lopez, and The People by Jesus M. Rossy, *fiscal* of this court. There is no statement of facts contained in the record, and none of the testimony taken on the trial appears therein, except a few words which may be gleaned from a short bill of exceptions which was taken, and properly formulated, to the admission and exclusion of certain evidence offered on the trial of the case.

We will first notice these exceptions. The bill reads as follows:

"1. The defense objects to the declaration of the witness Eugenio Diaz, on the ground that the name of said witness does not appear on the list when the accusation was presented to him. The court overruled the motion. The defense took exception to the ruling.

"2. Counsel for the defense asked the witness Captain Cebrera if he had given orders to the police to the effect that the people should wait some distance from the precincts. The *fiscal* objected to the question. The court declared the question impertinent. The defense, in view of the decision of the court, took exception.

"3. When the *fiscal* asked the accused, Guillermo Leon, what reason they had for not inscribing any one at Precinct No. 25 on that day before 1 o'clock, counsel for the defense objected to the question, on the ground that the State's attorney had a right only to cross-examine the witness. The court declared the question pertinent. Counsel for the defense took exception to the ruling of the court.

"4. The prosecuting attorney asked the accused, Guillermo Leon,

how it was that on the other trial he had testified, in regard to the same matter under oath, that the reason why they had not registered Vazquez and others, was because they did not know them. Counsel for the defense objected to the question. The court understands that the object of the question is to impugn the veracity of the witness, in view of the fact that he had, on the other trial, made a statement contradictory to what he testifies at the present time, and therefore declares the question pertinent. The defense took exception to the ruling of the court.''

In making objections to evidence, and in taking bills of exception to the rulings of the court thereon, it is necessary to present the questions of law upon which the exceptions were taken. If more evidence than this is included in the bill of exceptions, it must be stricken out by the court. (See section 299 of the Code of Criminal Procedure.) This section clearly indicates that the question of law in regard to the admission or exclusion of the evidence, whether presented by the attorney for the defense or the prosecution, or announced by the court in its rulings, should be set out in the bill of exceptions; and enough of the evidence connected with the question or answer to which objection is made should be included in the bill of exceptions to afford this court an opportunity of deciding properly in regard to the correctness or error of the court below in making a ruling upon the question presented. As this is not done fully in the exceptions hereinbefore stated, and as this court cannot compare the fragments presented with the entire evidence taken in the cause, for want of a statement of facts, the rulings of the trial court must be presumed to be correct. At least it falls within section 1 of an act relating to the reversal of judgments in criminal cases by the Supreme Court, approved on the 30th of May, 1904. (See Laws of Special Session of 1904, p. 10.)

If the trial court made any error whatever in ruling upon these several objections to the evidence as presented in the bill of exceptions, it was not such as was calculated to injure

the rights of either of the parties, and consequently must be disregarded by this court on appeal.

In addition to these points made in the court below, and contained in the record, counsel in his oral argument in this court claims that certain fundamental errors were committed by the court in the trial below; among others the following:

First. That the information does not point out what particular section of the Election Law has been violated by the defendants. This is not required in the information. Section 84 of the Code of Criminal Procedure plainly says: "Neither presumptions of law, nor matter of which judicial notice is taken, need be stated in the information;" and section 82 states that the information is sufficient if it contains seven requisites, among which is not included the necessity of setting out the particular section of law which may have been violated. This is clearly decided in the case of *The People of Porto Rico* v. *Arturo Aponte and another,* in the opinion rendered by Mr. Justice Wolf on the 11th instant, to which reference is made.

Second. But the principal objection made by the counsel for the appellants, and on which great stress is laid, is that this prosecution was begun and carried on to its conclusion by E. B. Wilcox, esq., special *fiscal,* and not by the *fiscal* of the district in which the crime is alleged to have been committed. The learned counsel argued at some length that the word "prosecution" means the following up of the case, and although the Attorney General might appoint special counsel in the prosecution, still it was necessary that the information should be signed by the *fiscal* of the proper district. Section 74 of the Political Code is referred to, which, speaking of the Attorney General, reads as follows:

"* * * In case of official misconduct on the part of any other officer or employe of the Insular Government, he shall file an information before the proper tribunal and prosecute the same. He shall

direct the prosecution of such cases either in person or through the Assistant Attorney General, or, in case of necessity, may appoint special counsel.''

The learned counsel contends that to direct a prosecution means to take charge of the case after the filing of the information, and does not include the preparation of filing thereof. From this argument it would seem to be important to determine when the prosecution begins or what is the commencement of the prosecution. It has been said by an eminent authority that where the statutes do not provide otherwise, the warrant of apprehension, and not the subsequent indictment or presentment, is the commencement of the prosecution. (See *Clayton* v. *State*, 127 Ala., 550; *Leake* v. *State*, 22 La. App., 550; *Carr* v. *State*, 36 Tex. Cr. App., 390.)

In *Harnett* v. *State* (42 Ohio St. Rep., 568) it is held by the Supreme Court of that State that where a person is arrested and duly committed for the crime for which he is thereafter indicted, the prosecution of that crime is pending as soon as he is arrested and committed. In addition to these authorities reference may be made to 2 Bouvier's Dictionary, page 784, where prosecution is defined as follows: ''The means adopted to bring a supposed offender to justice and punishment by due course of law.'' (Reference is made to 34 La. Ann., 1198.) It is plain that the arrest or the first step taken by the prosecuting officer towards bringing an offender to justice, whatever it may be, is the beginning of the prosecution.

It would seem clear that under section 74 of the Political Code the Attorney General had the right to appoint special counsel in this case. Under section 21 of the Organic Act the Attorney General is endowed with all the powers, and is required to discharge all the duties provided by law for an attorney of a Territory of the United States, in so far as the

same are not locally inapplicable, and he is required to perform such other duties as may be prescribed by law. If there were no statutes of the Insular Legislature authorizing the Attorney General to take the action which was taken in this case, in the appointment of a special *fiscal,* this section of the Organic Act would be sufficient authority. Further reasons for holding this information sufficient are given in the opinion of Mr. Justice Wolf hereinbefore referred to.

Even if the special *fiscal* in this case was not deemed to be, and could not be held to be a *fiscal de jure*, he certainly was a *fiscal de facto,* and as such his appointment could not be called in question, nor the judgment rendered in this case upon the information signed by him attacked in a collateral proceeding such as the present. This position is well sustained by numerous American authorities, and especially by the case of the *State* v. *Carroll,* 38 Conn., 449. Reference is made to this decision in the concurrent opinion rendered by the writer in the case of *The People of Porto Rico* v. *Hobart S. Bird,* under date of 15th of June, 1903, to which reference is made for a list of authorities.

In the case before the court the defendants had a fair and impartial trial before the District Court of Guayama, and all their defenses were carefully considered, and judgment rendered against them, imposing a moderate sentence. Nothing appears in the record which would warrant this court in disturbing the judgment of the court below. For that reason, and for the reasons heretofore stated in this opinion, the judgment of the trial court should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and Wolf concurred.